## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **SCIVATION, INC.** | § | |
| | § | |
| **V.** | § | **1:20-CV-00986-RP** |
| | § | |
| **XTEND5, LLC** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Xtend5, LLC's Motion to Transfer Venue (Dkt. No. 12), Plaintiff Scivation, Inc.'s Response (Dkt. No. 13), and Defendant's Reply (Dkt. No. 14). The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

## I.  BACKGROUND

This is a trademark infringement case. Plaintiff Scivation, Inc. is a sports nutrition company, incorporated under the laws of North Carolina with its principal place of business in Austin, Texas. Dkt. No. 1 at ¶¶ 4, 6. Defendant Xtend5, LLC is a California nutritional and dietary supplement company, organized as an LLC with its principal place of business in Lake Forest, California. *Id.* at ¶ 5. On September 24, 2020, Scivation filed suit against Xtend5 alleging multiple claims of trademark infringement. Dkt. No. 1. With the instant motion, Xtend5 moves under 28 U.S.C. § 1404 to transfer venue of the case to the Central District of California. Dkt. No. 12. Scivation opposes the motion. Dkt. No. 13.

## II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is well settled that the party seeking the transfer of venue bears the burden of demonstrating that the case should be transferred. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed"). The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion. *In re Volkswagen of America, Inc. II*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc), *cert. denied*, 129 S.Ct. 1336 (2009); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The preliminary question under § 1404 is whether the lawsuit "might have been brought" in the destination venue. *In re Volkswagen AG I*, 371 F.3d 201, 202 (5th Cir. 2004). The Court must determine whether the moving party has shown "good cause" for transferring the case. *In re Volkswagen II*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). This, in turn, requires the party moving for transfer to "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, and in the interest of justice.'" *Id*. (quoting § 1404(a)).

In determining whether a transfer is for the convenience of parties and witnesses and in the interest of justice, courts look to a series of private and public factors. *In re Volkswagen II*, 545 F.3d at 315. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public interest factors include: "(1) the administrative

2

difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4)." *Id.* The Fifth Circuit has clarified that these factors are not exhaustive or exclusive and that none are dispositive. *Id.*

### III. ANALYSIS

As discussed above, in considering a motion to transfer venue, the initial question is whether the case might have been brought in the destination venue. *In re Radmax, Limited*, 720 F.3d 285, 312 (5th Cir. 2013). Here there is no dispute that the case could have been filed in the Central District of California, therefore the Court's analysis is centered on whether Xtend5 has met its burden of showing that the "convenience of parties and witnesses" requires transfer of the action. *Volkswagen II,* 545 F.3d at 315. In making this determination, the Court considers the various private and public interest factors set forth above. *Id.*

Starting with the private interest factors, the first factor to examine is the relative ease of access to sources of proof. *Volkswagen II,* 545 F.3d at 315. Xtend5 claims that "all of the . . . documents are located in Lake Forest, California, at Xtend5's headquarters." Dkt. No. 12 at 3-4. In its response, however, Scivation explicitly identifies numerous important documents located in the Western District of Texas, such as those relating to its use and registration of the trademarks at issue. Dkt. No. 13 at 3. Since important documents are located in both venues, "this factor does not weigh in favor of transfer." *Healthpoint, Ltd. v. Derma Scis., Inc.*, 939 F. Supp. 2d 680, 688 (W.D. Tex. April 9, 2013). Moving to the second factor, Xtend5 fails to establish that the availability of compulsory process and cost of transportation of witnesses weighs in favor of transfer. While Xtend5 states generally that its witnesses and corporate representatives live in the central California

3

area, it does not make any argument that compulsory process would be necessary to secure their presence at trial in this matter. This factor is therefore neutral. *See Healthpoint, Ltd.*, 939 F. Supp. 2d at 689; *see also AllChem Performance Prods., Inc. v. Oreq Corp.*, 2013 WL 180460, at *4 (N.D.Tex. Jan. 17, 2013). Next, Xtend5 only vaguely refers to the cost of attendance for willing witnesses, without identifying which witnesses it is referring to or the substance of their anticipated testimony. *See* Dkt. No. 12 at 3-4. Scivation, on the other hand, explicitly identifies multiple willing witnesses that reside in the Western District of Texas, as well as the general subject matter of their anticipated testimony.[1] *See* Dkt. No. 13 at 6. This factor therefore weighs against transfer. *See Joey Records, Inc. v. Hacienda Records, L.P.*, 2010 WL 11601082, at *2 (W.D. Tex. Dec. 6, 2010) ("A district court will not transfer a case . . .where the only practical effect is a shifting of inconveniences from the moving party to the non-moving party."). Neither party raises any arguments regarding the fourth private factor (other practical problems to consider), therefore that factor remains neutral.

Moving on to the public interest factors, Xtend5 again fails to establish that this case should be transferred to the Central District of California. Looking to the first public interest factor, administrative difficulties arising from court congestion, a review of the respective dockets for the Central District of California and the Western District of Texas—both very busy districts—reveals that the difference between the case loads is minimal, thus this factor is neutral. *See* Dkt. No. 13 at 7, n. 3. The local interest factor also remains neutral, given that this case implicates both Texas and

---

[1] For example, Scivation identifies the following witnesses as located in the Western District of Texas: Rajaa Grar, Chief Digital Officer, expected to testify regarding the marketing of XTEND-branded products, Aaron Heidebreicht, Vice President Specialty & FDMC, expected to testify regarding the sales, marketing, and trade channels of XTEND-branded products, and Nathan Klieman, Senior Vice President, expected to testify regarding XTEND-branded product development. Dkt. No. 13 at 6; Dkt. No. 13-1 at ¶ 5.

California businesses.  *See Bacchanal Hosp., LLC v. Cured, LLC*, 2017 WL 1314194, at *5 (W.D. Tex. Feb. 24, 2017) ("Further, this case implicates both Texas and Colorado businesses. Accordingly, both Texas and Colorado have an interest in litigating the claims here").  Next, this suit involves claims arising under both federal law and Texas state law.  *See* Dkt. No. 1 at ¶¶ 49-99. While both forums have familiarity with federal law, the Western District of Texas has more familiarity with Texas state law claims, and thus this factor weighs against transfer.  *See Healthpoint, Ltd.*, 939 F. Supp. 2d at 695. Lastly, neither party raises any considerations regarding the avoidance of unnecessary problems of conflict of laws in the application of foreign law, therefore this factor is neutral.

When the transferee venue is not "clearly more convenient" than the plaintiff's chosen venue, "the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315.  Here, the private and public interest factors all either remain neutral or weigh against transfer, thus Xtend5 has failed to establish that the Central District of California is "clearly more convenient" than the Western District of Texas. Because no private or public interest factors favor transfer at this time, Xtend5's motion should be denied.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that Defendant's Motion to Transfer Venue (Dkt. No. 12) be **DENIED**.  The Clerk is directed to remove this case from the undersigned's docket and return it to the docket of the Honorable Robert Pitman.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C) (2006);  *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985);  *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

SIGNED this 28th day of May, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE